**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TEXARKANA DIVISION**

| | |
|---|---|
| **LG ELECTRONICS, INC.,** | |
| **Plaintiff,** | |
| **v.** | **Case No. _____** |
| **VIZIO, INC., AMTRAN TECHNOLOGY CO., LTD., and AMTRAN LOGISTICS, INC.,** | **JURY TRIAL DEMANDED** |
| **Defendant(s).** | |

**PLAINTIFF LG ELECTRONICS, INC.'S**
**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff LG Electronics, Inc. ("LGE"), on personal knowledge as to its own acts and upon information and belief formed after reasonable inquiry as to the acts of others, for its Complaint for Patent Infringement against Vizio, Inc., AmTRAN Technology Co., Ltd. ("AmTRAN Technology"), and AmTRAN Logistics, Inc. ("AmTRAN Logistics") hereby avers the following:

**PARTIES**

1.   Plaintiff LGE is a foreign corporation organized and existing under the laws of the Republic of Korea with its principal place of business at LG Twin Towers, 20 Yeouido-dong, Yeoungdeungpo-gu, Seoul, 150-721, South Korea.

2.   Defendant Vizio, Inc. is organized under the laws of California with its principal place of business at 39 Tesla, Irvine, California 92618, and is an affiliate of AmTRAN Technology conducting business in this District.

3.   Defendant AmTRAN Technology is a foreign corporation organized and existing under the laws of Taiwan with its principal place of business at 17f, 268, Lien Cheng Rd.,

Chungho City, Taipei, 23553, Taiwan, and conducts business in this District, in conjunction

with its subsidiaries including those identified herein.

4.   Defendant AmTRAN Logistics is a California corporation with its headquarters at

9351 Irvine Center Dr., Irvine, California 92618, and is a wholly-owned subsidiary of

AmTRAN Technology conducting business in this District.

### JURISDICTION AND VENUE

5.   This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§

1331 and 1338(a) because the action concerns infringement of a United States Patent.

6.   This Court has personal jurisdiction over Vizio, AmTRAN Technology and

AmTRAN Logistics based on their business activities in this District, including their shipments

of infringing products into this District.  Vizio and its affiliates AmTRAN Technology and

AmTRAN Logistics (collectively, "AmTRAN"), sell digital televisions in the United States,

including within this District, by shipping infringing products directly and/or indirectly into this

District and through the ecommerce website www.vizio.com.  Vizio's and AmTRAN's

established distribution networks include warehouses, national distributors and resellers, and

Vizio and AmTRAN distribute to national and local retailers that have stores located in this

District.  By shipping into, selling, offering to sell, and/or using products that infringe the

patents-in-suit in this District, or by inducing or causing those acts to occur, Vizio and

AmTRAN have transacted and continue to transact business and perform work and services in

this District, have supplied and continue to supply services and things in this District, have

caused and continue to cause injury and damages in this District by acts and omissions in this

District, and have caused and continues to cause injury and damages in this District by acts or

omissions outside of this District while deriving substantial revenue from services or things used or consumed within this District, and will continue to do so unless enjoined by this Court.

7.   Venue is proper under 28 U.S.C. §§ 1391 and 1400.

## THE LGE PATENTS-IN-SUIT

8.   LGE is the owner by assignment of all right, title, and interest in and to United States Reissued Patent No. RE 37,070 ("the RE '070 patent"), titled "High-Definition Television Receiver."  The RE '070 patent was duly and legally issued by the United States Patent and Trademark Office ("USPTO") on February 27, 2001.

9.   LGE is the owner by assignment of all right, title, and interest in and to United States Patent No. 6,785,906 ("the '906 patent"), titled "Polling Internet Module of Web TV." The '906 patent was duly and legally issued by the USPTO on August 31, 2004.

10. LGE is the owner by assignment of all right, title, and interest in and to United States Patent No. 6,598,233 ("the '233 patent"), titled "Channel Control Apparatus of Digital Television and Method Thereof."  The '233 patent was duly and legally issued by the USPTO on July 22, 2003.

## FACTUAL BACKGROUND

11. LGE is a global leader and technological innovator.  LGE designs, develops, and sells a wide-range of high-technology products, including mobile communications devices, consumer electronics, home appliances, and most relevant here, digital televisions.  Founded in 1958, LGE has grown substantially as a result of its innovation.  LGE has invested billions of dollars in research and development.  In 2009 alone, LGE invested 2 billion dollars in research and development.  LGE, and its affiliates, now employ approximately 84,000 people throughout the world, including 17,000 engineers to develop LGE's next generation of technology.  To protect its investment, LGE seeks patent protection, and owns approximately 90,000 patents

and patent applications.  Additional information about LGE can be obtained from LGE's website (http://www.lg.com/us/about-lg/index.jsp).

12. In light of these facts, LGE will not permit the continued infringement of its patents by unlicensed market participants and will, if necessary, vigorously protect its patent rights through appropriate procedures.  This case is not the only one between the parties relating to digital television products.  On September 19, 2008, LGE filed a lawsuit in this Court alleging patent infringement by Vizio.  That case is styled *LG Electronics, Inc. v. Petters Group Worldwide, L.L.C.; Polaroid Corp.; Westinghouse Digital Electronics, L.L.P.; and Vizio, Inc*., Case No. 5:08-cv-00163 (E.D. Texas).  On August, 12, 2009, LGE filed a complaint in the U.S. International Trade Commission alleging patent infringement by Vizio.  The ITC complaint was later amended to include AmTRAN.  That case is styled *In the Matter of Certain Video Displays, Components Thereof, and Products Containing Same*, ITC Investigation No. 337-TA-687.  As a result of the ITC case, on October 30, 2009, the Court granted a motion requesting a stay of the 163 case.  Like the 163 case, this case involves LGE, Vizio and Vizio's digital television products.

## FIRST CLAIM FOR RELIEF

### (Infringement of United States Reissue Patent No. 37,070)

13. LGE realleges and incorporates herein by reference the allegations in paragraphs 1 through 13 above.

14. LGE is informed and believes, and based thereon alleges, that Vizio and AmTRAN have been and are currently directly infringing, contributing to the infringement of, and/or inducing infringement of the RE '070 patent by, among other things, making, using, offering to

sell, and/or selling within the United States, and/or importing into the United States, accused Vizio digital televisions.

15. As a result of Vizio's and AmTRAN's unlawful infringement of the RE '070 patent, LGE has suffered and will continue to suffer damage.  LGE is entitled to recover from Vizio and AmTRAN the damages adequate to compensate for such infringement, which have yet to be determined.

16. Vizio's and AmTRAN's acts of infringement of the RE '070 patent herein have been made with full knowledge of LGE's rights in the patent and constitute willful and deliberate infringement, entitling LGE to enhanced damages and reasonable attorney fees and costs.

17. Vizio's and AmTRAN's acts of infringement have caused and will continue to cause irreparable harm to LGE unless and until enjoined by this Court.

**SECOND CLAIM FOR RELIEF**

**(Infringement of United States Patent No. 6,785,906)**

18. LGE realleges and incorporates herein by reference the allegations in paragraphs 1 through 18 above.

19. LGE is informed and believes, and based thereon alleges, that Vizio and AmTRAN have been and are currently directly infringing, contributing to the infringement of, and/or inducing infringement of the '906 patent by, among other things, making, using, offering to sell, and/or selling within the United States, and/or importing into the United States, accused Vizio digital televisions.

20. As a result of Vizio's and AmTRAN's unlawful infringement of the '906 patent, LGE has suffered and will continue to suffer damage.  LGE is entitled to recover from Vizio

5

and AmTRAN the damages adequate to compensate for such infringement, which have yet to be determined.

21. Vizio's and AmTRAN's acts of infringement of the '906 patent herein have been made with full knowledge of LGE's rights in the patent and constitute willful and deliberate infringement, entitling LGE to enhanced damages and reasonable attorney fees and costs.

22. Vizio's and AmTRAN's acts of infringement have caused and will continue to cause irreparable harm to LGE unless and until enjoined by this Court.

### THIRD CLAIM FOR RELIEF

#### (Infringement of United States Patent 6,598,233)

23. LGE realleges and incorporates herein by reference the allegations in paragraphs 1 through 23 above.

24. LGE is informed and believes, and based thereon alleges, that Vizio and AmTRAN have been and are currently directly infringing, contributing to the infringement of, and/or inducing infringement of the '233 patent by, among other things, making, using, offering to sell, and/or selling within the United States, and/or importing into the United States, accused Vizio digital televisions.

25. As a result of Vizio's and AmTRAN's unlawful infringement of the '233 patent, LGE has suffered and will continue to suffer damage.  LGE is entitled to recover from Vizio and AmTRAN the damages adequate to compensate for such infringement, which have yet to be determined.

26. Vizio's and AmTRAN's acts of infringement of the '233 patent herein have been made with full knowledge of LGE's rights in the patent and constitute willful and deliberate infringement, entitling LGE to enhanced damages and reasonable attorney fees and costs.

27.     Vizio and AmTRAN's acts of infringement have caused and will continue to cause irreparable harm to LGE unless and until enjoined by this Court.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff LGE demands a jury trial on all issues so triable.

## PRAYER FOR RELIEF

Wherefore, LGE prays for a Judgment from this Honorable Court in favor of LGE and against Vizio and AmTRAN as follows:

1.   That Vizio and AmTRAN have directly infringed the RE '070 patent, the '906 patent and the '233 patent.

2.   That Vizio and AmTRAN have contributed to the infringement of the RE '070 patent, the '906 patent and the '233 patent;

3.   That Vizio and AmTRAN have induced the infringement of the RE '070 patent, the '906 patent and the '233 patent;

4.   An order enjoining Vizio and AmTRAN and their affiliates, subsidiaries, officers, directors, employees, agents, representatives, licensees, successors, assigns, and all those acting for them and on their behalf, or acting in concert with them directly or indirectly, from further acts of infringement of the RE '070 patent, the '906 patent and the '233 patent.

5.   A full accounting by Vizio and AmTRAN and awards and damages to LGE for Vizio's and AmTRAN's infringement of the RE '070 patent, the '906 patent and the '233 patent, including enhanced damages pursuant to 35 U.S.C. § 284, together with pre- and post-judgment interest, in an amount according to proof;

6.   Adjudge that this case to be "exceptional" within the meaning of 35 U.S.C. § 285,

entitling LGE to an award of its reasonable attorneys' fees, expenses, and costs; and

7.   A grant of such other and further equitable or legal relief as the Court deems proper.


Respectfully submitted,

Dated:  September 15, 2010                    FISH & RICHARDSON P.C.


By:  /s/ James A. Fussell
_____
Michael J. McKeon (Bar No. 459780)
E-mail: mckeon@fr.com

James A. Fussell, III (Bar No. 2003193)
E-mail: fussell@fr.com

FISH & RICHARDSON P.C.
1425 K Street, N.W., Suite 1100
Washington, D.C.  20005
Telephone:  (202) 783-5070
Facsimile:   (202) 783-2331

Attorneys for Plaintiff
LG Electronics, Inc.